# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANESH RAHIMI,<br><br>       *Plaintiff*,<br><br>  v.<br><br>SCOTT SWEAT, MCKAY KING, Hon. O. LANE MCCOTTER,<br><br>       *Defendants*. | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:16-cv-00874-CW-DBP**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) Plaintiff Danesh Rahimi brings this § 1983 case against Wasatch County Attorney Scott Sweat, Deputy Wasatch County Attorney McKay King and Judge O. Lane McCotter. Plaintiff alleges that Defendants failed to properly act to protect Plaintiff's property rights. (ECF No. 5, Ex. 1.) The case is presently before the court on Plaintiff's Motion for Summary Judgement (ECF No. 10) and Defendants' Cross-Motion for Summary Judgment (ECF No. 13). The court has reviewed the parties' briefs and does not find good cause to entertain oral argument.

## LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact . . . is genuinely disputed must support the assertion by" citing to materials such as documents, interrogatory answers, depositions, and affidavits. *Id.*

56(c)(1)(A). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Also, the court must view the evidence in the light most favorable to the non-moving party. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

**UNDISPUTED FACTS**

Plaintiff does not set forth any facts in his Motion for Summary Judgement.[1] Defendants set forth the following undisputed facts in their Cross-Motion. (*See* ECF No. 13 at 5–6.) On or about February 28, 2013, Plaintiff obtained, by warranty deed, condominium unit number 207 in the hotel at the Zermatt Resort in Midway, Utah. Plaintiff claims his property is currently being possessed by a trespasser, based on a title dispute. During 2014 and 2015, Plaintiff made several reports of criminal wrongdoing to the Wasatch County Sheriff and Wasatch County Attorney's Office regarding his unit at the Zermatt Resort. The Wasatch County Attorney's Office notified Plaintiff via a February 9, 2015, letter that it would not prosecute any of his complaints because they involved civil disputes that could not be prosecuted under the criminal standard of proof beyond a reasonable doubt. Plaintiff's Complaint in this case alleges the County Attorney Defendants violated his civil rights by refusing to file criminal charges.

On or about November 24, 2014, Plaintiff filed separate civil cases in Wasatch County Justice Court against each of the County Attorney Defendants. Judge O. Lane McCotter

---

[1] The only facts that could be inferred from Plaintiff's brief are that he purchased a condominium in 2013 and currently pays taxes on it. These facts do not conflict with the facts Defendants set forth in their brief.

transferred those cases to Judge Cullimore in Utah County because the Defendants were Wasatch County employees. Plaintiff alleges Judge McCotter violated Plaintiff's civil rights by not ruling in Plaintiff's favor and "ignoring" Plaintiff, a title holder to property at the Zermatt Resort.

**ANALYSIS**

### I. Parties' arguments

Plaintiff requests the court order "Wasatch County Officers" to accompany Plaintiff to the property to which he holds a deed and "demand access" to that property. (ECF No. 10.) Plaintiff cites to the Fifth Amendment and the Fourteenth Amendment to the United States Constitution, but offers no legal analysis to suggest he is entitled to the relief he seeks under § 1983. In his reply, Plaintiff asserts the "[C]ounty [failed] to inspect and match the addresses by recorded titles" though he does not allege Defendants are liable for that failure under § 1983 or otherwise deserve blame for the County's alleged failure. (ECF No. 16.)

In opposition to Plaintiff's Motion for Summary Judgment, Defendants argue that, in addition to certain procedural defects, Plaintiff's Motion should be denied because Defendants are entitled to prosecutorial and judicial immunity respectively. (ECF No. 12 at 4.) Defendants likewise argue in their Cross-Motion for Summary Judgment that judgment should be granted in their favor on Plaintiff's claims based on these same immunities. (*See* ECF No. 13.)

### II. Defendants are entitled to summary judgment on Plaintiff's damage claims

Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court. *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir.

2009). Judges are immune for all actions taken in their judicial capacity, so long as they are not taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Plaintiff does not describe any conduct the Wasatch County Attorney Defendants took other than those related to decisions to prosecute alleged criminal violations. Similarly, Plaintiff does not describe any conduct Judge McCotter took that was outside of his judicial capacity. Indeed, according to the undisputed facts, Judge McCotter merely attempted to lessen potential bias in the matters Plaintiff filed. Accordingly, all Defendants are immune from civil damages. Accordingly, the District Court should grant Defendant's Cross-Motion for Summary Judgment because Defendants are immune from civil liability for the conduct at issue here.

### III.     Plaintiff's Motion for Summary Judgment must be denied

Plaintiff requests an order demanding Defendants take action regarding Plaintiff's trespassing allegations and "demand access" to Plaintiff's property. (ECF No. 10 at 1; *see* ECF No. 5, Ex. 1 at 2.) Based on his reference to the Fifth and Fourteen Amendments, Plaintiff presumably believes he has been denied due process. Plaintiff's Motion fails on the law and the facts. First, Plaintiff offers no argument or legal authority to support his generalized suggestion that his due process rights have been violated. He cites to no case involving circumstances at all related to those present here, nor does he offer any argument to extend the law to apply to the facts here. Generally speaking, due process guarantees Plaintiff a fair opportunity to tell his side of the story before he is deprived of property. The record does not suggest Plaintiff was denied any such opportunity. In short, the court sees no § 1983 violation alleged in the Complaint or set forth in the Motion for Summary Judgment. Second, the only fact Plaintiff's motion can be read to assert is that he owns a certain condominium. Yet the undisputed facts show that there is a dispute that

clouds Plaintiff's title to the property. Plaintiff's own exhibits further evidence a relatively complex dispute involving the Zermatt Resort. (*See* ECF Nos. 20–21.)

Further, Plaintiff's citation to the Utah Governmental Immunity Act ("UGIA") does not change this outcome. Defendants do not rely on the immunity provided by UGIA. As UGIA states, "[n]othing in this chapter may be construed as adversely affecting any immunity from suit that a governmental entity or employee may otherwise assert under state or federal law." Utah Code Ann. 63G-7-202(2).Thus, Defendants' prosecutorial and judicial immunity are unaffected by UGIA. Based on the foregoing, the District Court should deny Plaintiff's Motion for Summary Judgment because he has not demonstrated he is entitled to judgment as a matter of law on the facts before the court.

### IV. <u>Plaintiff's claim for injunctive relief remains</u>

Notwithstanding the above, the pending motions do not dispose of the entire case here because absolute immunity does not limit requests for prospective injunctive relief. "Indeed, absolute prosecutorial immunity 'extends only to liability for damages. Prosecutors may still be liable for declaratory and injunctive relief.'" *Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 911 (D. Utah 2007) (quoting *Martinez v. Winner*, 771 F.2d 424, 438 (10th Cir.)). Likewise, "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984).

While Plaintiff's filings are somewhat cryptic, his Complaint and Motion for Summary Judgment both indicate he seeks injunctive relief to vindicate his rights. Plaintiff's Complaint states, "Wasatch County [A]ttorneys and the judge are depriving [Plaintiff] of [his] rights and allowing trespassing." (ECF No. 5, Ex. 1 at 2.) This language suggests Plaintiff's problem is

ongoing. Similarly, Plaintiff's Motion for Summary Judgement requests an order for "Wasatch County Officers" to accompany him to certain property and "demand access" to it. (ECF No. 10 at 1.) While Plaintiff's civil cover sheet specifies only that he seeks damages, the court cannot ignore the language in his pleadings. (*See* ECF No. 5, Ex. 1 at 67–68.) Plaintiff's filings suggest he seeks an order compelling the Defendants to assist him to repossess his property. Defendants' immunities do not defeat Plaintiff's request for prospective injunctive relief. Accordingly, once the District Court addresses this Report and Recommendation, the parties should propose a new schedule for the remainder of this case. Given that the parties filed dispositive motions well before the cutoff date, the court will entertain a request for a schedule that allows Defendants time to brief a dispositive motion related to Plaintiff's request for injunctive relief.

## RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the District Court **GRANT** Defendants' Cross-Motion for Summary Judgment. (ECF No. 13.) Defendants are entitled to judgment in their favor on all of Plaintiff's claims for monetary damages.

The undersigned **FURTHER RECOMMENDS** the District Court **DENY** Plaintiff's Motion for Summary Judgment. (ECF No. 10.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 8th day of August 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge