IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANESH RAHIMI,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTT SWEAT, MCKAY KING, Hon. O. LANE MCCOTTER,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION IN PART, AND DISMISSING CASE**<br><br>Case No. 2:16-cv-00874-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION & PROCEDURAL HISTORY

On August 2, 2016, Plaintiff Danesh Rahimi filed a civil rights complaint under 42 U.S.C. §§ 1983 and 1985 in the Third Judicial District Court of Salt Lake County, Utah. (*See* ECF No. 5-1.) Dr. Rahimi sues Wasatch County Attorneys Scott Sweat and McKay King, and Wasatch County Judge O. Lane McCotter. (*Id.*) On August 11, 2016, the Defendants removed the case to this federal district court. (ECF No. 2.) The case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)

The Notice of Removal states that the court has original jurisdiction over the federal civil rights claims alleged in the Complaint. (*See id.*) After naming the parties, the Complaint alleges the nature of the case, which the court quotes in its entirety:

### B. NATURE OF CASE

I am a victim of bait and switch by a group of people in Midway Utah. Wasatch County recognizes me as the proper owner, title holder tax payer of a certain property. According to the state laws I have the right to posses [sic] this property. Presently this property is possessed by a trespasser involved with the people that

1

designed and committed the bait and switch fraud. When I complained and asked the law enforcement to fulfill my rights, not only did they deny me, they threatened me. This is where they have violated my civil rights.

Judge O. Lane McCotter ignored my case in people's court and followed his friend (Stewart Waldrip) instructions basically ignored me as a title holder. I have complained to the JCC about Judge McCotter before knowing who he was. The JCC's decision was that he has made a mistake but not misconduct. I am still appealing but I doubt that I have any chance based on the fact of whom Mr. McCotter is.

In summary, my case is very simple. I have a title, recognized by Wasatch County, to a property. Based on that, according to state and federal laws, I have the right to possess it. Wasatch County attorneys and the judge are depriving me of my rights and allowing trespassing. This violates my civil rights, that is why I am here.

Exhibit. A Is my title and purchase documents
Exhibit. B is the chain of title for my property.
Exhibit. C is the Grama report from the county attorneys.
Exhibit. D is the laws of the State of Utah pertaining to this case.
Exhibit E is the warning by county attorney via their investigator Tammy Thacker.
Exhibit F is the JCC's letter admitting that this judge has made a mistake.

(Compl. p. 2, Dkt No. 5-1.)

On October 17, 2016, Dr. Rahimi moved for summary judgment, asking the court to order:

> Wasatch County Officers to go with Danesh Rahimi to Zermatt Resort and demand access to his title owned property with the following address, tax Id and parcel Number.
> 784 W Resort DR unit # 207
> Midway, Utah 84049
> Tax Id old OZR6107 NOW OZR6A207
> Parcel number 00-0020-9193

(ECF No. 10, p. 1.) Dr. Rahimi states that he bought this property—a unit in the Zermatt Resort—in February 2013 and that he presently has title to the property, as evidenced by various documents he submitted to the court and by the fact that he has paid taxes on the property unit. (*See id.* at 2.) He argues that the Fifth and Fourteenth Amendments and Utah state law support the motion and requested relief. (*Id.*)

2

On November 2, 2016, the Defendants also moved for summary judgment. (ECF No. 13.) Defendants argue that the common law defenses of prosecutorial immunity and judicial immunity protect the Wasatch County Attorneys and Judge McCotter for actions taken within the scope of their authority as prosecutors and a judge. (*See id.*) Defendants opposed Dr. Rahimi's motion for summary judgment on the same basis. (*See* ECF No. 12.) The parties briefed the motions and Dr. Rahimi submitted a number of other documents to the court which present some background for the property issues underlying this case. (*See* ECF Nos. 16-21.)

On August 8, 2017, Judge Pead issued a Report and Recommendation recommending the court deny Dr. Rahimi's Motion for Summary Judgment and grant Defendants' Cross-Motion for Summary Judgment on any claims for monetary damages because Defendants' are entitled to prosecutorial and judicial immunity. (ECF No. 22, pp. 3-4.) Judge Pead determined that a claim for injunctive relief may remain. (*Id.* at 5-6.)

Dr. Rahimi objected to Judge Pead's Report and Recommendation. (ECF No. 24.)[1] He lays out a number of "undisputed facts" that address the history and issues associated with his title to the property in question. (*See id.* at 1-8.) Dr. Rahimi states that his only request in this action "is to possess the real property to which I maintain title, as recognized by Wasatch County." (*Id.* at 2.) He maintains that he owns the property "outright" and that title "is clear and undisputed," (*id.* at 6), although the documents he has submitted in this case, viewed objectively, suggest otherwise. He contends that he did not sue the County Attorneys for failing to prosecute criminal charges, but simply "requested possession of [his] real property, OZR6A207." (*Id.* at 7.) He explains the question he believes this case presents:

---

[1] Along with his objection, Dr. Rahimi filed a motion requesting this judge's recusal from the case. (ECF No. 23.) After soliciting more information from Dr. Rahimi and hearing argument on the motion, the court denied the motion to recuse. (*See* ECF Nos. 27-30.) The court memorializes this decision in a separate order filed concurrently with this one.

> Does Danesh Rahimi, as title holder, have the civil right to possess this property? I agree my title has been clouded, but it has been on purpose- and my ownership may need attention in the courts, but possession should not be a question, particularly for peace officers under the direction of defendants. As far as governmental immunity, I am not a lawyer, but I do not think police officers, nor county attorneys are fulfilling their duty to protect the law when they cannot restore title holder possession of his or her own property.

(*Id.* at 11.) He further contends that "Defendants have prevented Plaintiff from retaining possession of his property, as is Plaintiff's substantive right" and "have supported the occupancy of a Unit not owned by Plaintiff, thereby encouraging trespass over another individual's property." (*Id.* at 16.)

As to the relief sought, Dr. Rahimi disavows any request for monetary damages, and reiterates that he "only seek[s] possession of the property" to which he has title and on which he has paid taxes. (*Id.* at 17.) He requests a declaration that he owns the property identified as OZR6A207, that he "be escorted to" his property, and that the Defendants apologize. (*Id.*)

## ANALYSIS

The court has carefully reviewed all of the filings and the record in the case *de novo*. On October 3, 2017, the court heard oral argument, during which Dr. Rahimi was allowed to fully explain his claims and objections to the Report and Recommendation. In addition, Defendants moved the court to dismiss any remaining claim for injunctive relief. For the reasons explained below, the court **APPROVES AND ADOPTS** Judge Pead's Report and Recommendation, with the addition that any claim for injunctive or declaratory relief is dismissed as a matter of law for failure to state a claim.

1. **General Legal Standards Applicable to Pro Se Plaintiffs.**

Because Dr. Rahimi proceeds pro se, the court liberally construes his filings and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* And the court does not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court will not supply additional factual allegations or construct a legal theory on Dr. Rahimi's behalf. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

In addition, the court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**2. Defendants are Entitled to Immunity from Any Monetary Claims.**

Defendants moved for summary judgment on the basis that they are entitled to absolute immunity for actions that are the subject of this suit. Though Dr. Rahimi objects that he did not request that Wasatch County bring criminal charges here, he does appear to challenge their failure to assist him in securing possession of the property at issue in the course of their duties as prosecutors and a judge.

"The Supreme Court has recognized the defense of absolute immunity from civil rights suits in several well-established contexts involving the judicial process." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). "A judge acting in his judicial capacity is absolutely immune

from such suits, unless the judge acts clearly without any colorable claim of jurisdiction. A prosecutor is absolutely immune for activities which are intimately associated with the judicial process such as initiating and pursuing a criminal prosecution." *Id.* (citations and quotations omitted).

Upon *de novo* review of the record and the parties' filings, the court agrees with Judge Pead's conclusion that prosecutorial immunity and judicial immunity protects Defendants from any damages claim in this suit. (*See* ECF No. 22.) This conclusion may be mooted by Dr. Rahimi's concession that he seeks no damages in this case. (ECF No. 24, p. 17.) Nonetheless, to the extent the Complaint can be read to assert a claim for damages, the Defendants are immune to such a claim for the reasons stated in Judge Pead's Report and Recommendation.

Though Dr. Rahimi clarifies that he only challenges Defendants' failure to assist him in securing possession of the property in question, the court finds this is a distinction without a difference. As Judge Pead found, the acts and failures to act about which Dr. Rahimi complains were within or intimately associated with the judicial process. *See Snell*, 920 F.2d at 686 ("A judge must be free to make decisions, often controversial, without concern about possible personal repercussions. In deciding which cases to pursue and how they should be pursued, a prosecutor should not be distracted by the threat of subsequent and time-consuming and duplicative civil rights actions." (citation omitted)). As a matter of law, the court finds that the Wasatch County Attorneys are immune for their decision not to pursue a case or course of action within their prosecutorial authority and that Judge McCotter is immune for decisions made or actions taken within his judicial capacity and clear jurisdiction.

Dr. Rahimi's citation to the Utah Governmental Immunity Act does nothing to change this conclusion, for the Act, by its own terms, does not abrogate other common law immunities

6

that a governmental actor may assert under state or federal law. *See* Utah Code Ann. § 63G-7-202(2).

### 3. Dr. Rahimi Fails to State a Claim for Injunctive or Declaratory Relief from a Constitutional Violation.

Judge Pead recommends the court deny Dr. Rahimi's Motion for Summary Judgment requesting an order compelling the Defendant Wasatch County Officers to "go with" him to the property in question, "demand access," and secure possession. In his objection, Dr. Rahimi further requests a declaration from the court that he owns the property in question and an order that the Defendants "escort" him to his property. (ECF No. 24, p. 17.) The court concludes that, on these facts, Dr. Rahimi's requests for injunctive and/or declaratory relief fail as a matter of law because they do not state any constitutional violation.

As an initial matter, the court has difficulty deciphering what exactly Dr. Rahimi claims to be the constitutional violation in this case. He states in the Complaint, as relevant to this issue:

> When I complained and asked the law enforcement to fulfill my rights, not only did they deny me, they threatened me. This is where they have violated my civil rights. . . . Wasatch County attorneys and the judge are depriving me of my rights and allowing trespassing. This violates my civil rights, that is why I am here.

(ECF No. 5-1, p. 2.) At oral argument, Dr. Rahimi spoke at length about the underlying property title issues. But when asked what civil rights he claims these particular Defendants violated, Dr. Rahimi simply asserted broad legal assumptions: that he holds clear title to the property at issue, which gives him a right to possess the property at issue, and that the right to possess property is protected by the Fifth and Fourteenth Amendments. But the Constitution provides no such possession right in cases where a real and substantial dispute exists as to the title to the property in question.

Section 1983 provides, in relevant part, that a person acting under color of state law who

"subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.[2] Here, Dr. Rahimi claims the Wasatch County Attorneys and Judge McCotter violated his Fourteenth and Fifth Amendment rights. Section 1983, of course, is the vehicle by which Dr. Rahimi may remedy a violation of his federal constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States . . . ."). Because these Defendants are state actors, rather than federal actors, only the Fourteenth Amendment applies. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").

The Fourteenth Amendment proclaims, in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. art. XIV, § 1. "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972). The Supreme Court explains the property interests protected by due process as follows:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. *He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.* It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to

---

[2] Section 1985 prohibits a conspiracy to interfere with civil rights. *See* 42 U.S.C. § 1985. Though Dr. Rahimi includes this provision in his Complaint, no non-conclusory allegations support a § 1985 claim in this case. Moreover, at oral argument, Dr. Rahimi acknowledged that he did not bring a conspiracy claim in this case.

8

> vindicate those claims.
>
> Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.* at 577 (emphasis added).

The Constitution protects a person's right to be heard before the deprivation of their property interests as "a basic aspect of the duty of government to follow a fair process of decisionmaking when it acts to deprive a person of his possessions." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). The requirement's "purpose, more particularly, is to protect [a person's] use and possession of property from arbitrary encroachment—to minimize substantively unfair or mistaken deprivations of property, a danger that is especially great when the State seizes goods simply upon the application of and for the benefit of a private party." *Id.* at 81. The Supreme Court recognized, rather presciently, that where an individual's "private gain is at stake, the danger is all too great that his confidence in his cause will be misplaced." *Id.* at 83. Thus, the right to a hearing prior to deprivation of property interests is required absent an important and overriding governmental or general public interest. *See id.* at 91–93. "The right to a prior hearing, of course, attaches only to the deprivation of an interest encompassed within the Fourteenth Amendment's protection." *Id.* at 84.

In this case, Dr. Rahimi has not shown the deprivation of a property interest encompassed within the Fourteenth Amendment's protection. Instead, Dr. Rahimi presents a unilateral expectation of entitlement rather than a legitimate claim of entitlement to the property at issue. Dr. Rahimi maintains that his title to the property at issue is clear and presents documents that he claims support that fact, but the documents overwhelmingly show that title to the property is disputed. In fact, the title issues around units in the Zermatt Resort are being or have been

litigated in state court. Even prior to this litigation, the documents show a property dispute existed when Dr. Rahimi attempted to secure possession of the property back in 2014. Dr. Rahimi has not presented to the court any title that has been judicially adjudged to be valid and clear; in fact, Dr. Rahimi admits that his title has been clouded by the disputes that have encompassed the Zermatt Resort.

Indeed, the reverse of Dr. Rahimi's claim may be true: if state officials helped him gain possession of the disputed property, evicting the tenant currently in possession without the opportunity to be heard and an official determination on the relative rights of the disputing parties, such conduct may constitute an arbitrary taking in violation of the Fourteenth Amendment. As noted above, the danger of an unconstitutional deprivation of property is particularly present in cases where state power is solicited merely for the benefit of a private party. *Shevin*, 407 U.S. at 81. In any event, neither these Defendants nor other state officials must be compelled to help Dr. Rahimi gain possession of this disputed property without, at least, a prior hearing and official determination resolving the property rights in dispute. *E.g.*, *id.* at 79–80 (observing that "on the occasions when the common law did allow prejudgment seizure by state power, it provided some kind of notice and opportunity to be heard to the party then in possession of the property, and a state official made at least a summary determination of the relative rights of the disputing parties before stepping into the dispute and taking goods from one of them").

Additionally, the court cannot say that these Defendants acted to deprive Dr. Rahimi of his interest in the disputed property. Once again, the court understands that, from his perspective, Dr. Rahimi believes he has clear title and has been subjected to a fraudulent scheme by the management, owners, and other individuals associated with the Zermatt Resort. None of

10

those persons are present in or the subject of this action. As readily apparent from the documents Dr. Rahimi submitted to this court, a major dispute remains over who has title to which units in the Zermatt Resort. But Dr. Rahimi does not seek to litigate that dispute in this court.

Thus, upon *de novo* review of the record, and despite Dr. Rahimi's beliefs to the contrary, the allegations and evidence presented in this case fail as a matter of law to state a claim for a federal constitutional violation. *See Roth*, 408 U.S. at 579 (concluding that summary judgment should not be granted where the respondent "has not shown that he was deprived of . . . property protected by the Fourteenth Amendment"); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (noting that it is "not the district court's job to stitch together cognizable claims for relief from . . . wholly deficient pleading[s] . . . [and] we are loath to reverse a district court for refusing to do the litigant's job").

Finally, the court notes that Dr. Rahimi may yet have a state law challenge to actions that clouded his title or conduct that constitutes fraud. The court makes no comment on the propriety or validity of any state law claim Dr. Rahimi may have, save to say that Dr. Rahimi does not assert any state law claim in this action.

## CONCLUSION

Accordingly, for the reasons stated in Judge Pead's Report and Recommendation, (ECF No. 22), and the court's additional reasoning above, the court hereby **ORDERS** as follows:

- Defendants' Cross-Motion for Summary Judgment, (ECF No. 13), is **GRANTED** and any claims for damages against the Defendants are **DISMISSED with prejudice**.
- Dr. Rahimi's Motion for Summary Judgment, (ECF No. 10), is **DENIED**.
- Dr. Rahimi's request for injunctive and/or declaratory relief against the Defendants is **DISMISSED without prejudice**.

This case is closed.

DATED this 5th day of October, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge