IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANESH RAHIMI,<br><br>  Plaintiff,<br><br>v.<br><br>SCOTT SWEAT, MCKAY KING, Hon. O. LANE MCCOTTER,<br><br>  Defendants. | **MEMORANDUM DECISION & ORDER DENYING RECUSAL**<br><br>Case No. 2:16-cv-00874-CW-DBP<br><br>District Judge Clark Waddoups<br>Magistrate Judge Dustin B. Pead |

Plaintiff Danesh Rahimi, who represents himself as a *pro se* litigant, has filed a motion requesting this court recuse itself from hearing this case. For the reasons set forth below, the court holds that Dr. Rahimi has not established any objective factual basis for recusal. Accordingly, the court **DENIES** his motion for disqualification, (Dkt. No. 23).

## LEGAL STANDARD

The grounds for recusal are set forth in federal statutory provision 28 U.S.C. § 455 entitled "Disqualification of justice, judge, or magistrate judge." Section 455 states, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law

> served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> . . .
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; . . . .

28 U.S.C. § 455(a)–(b)(4). "Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (quoting *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (observing that the question is "whether a reasonable *factual* basis exists for calling the judge's impartiality into question"). "The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *McCarthey*, 368 F.3d at 1269. "Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *Id.* at 1269–70. The Tenth Circuit has emphasized that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Cooley*, 1 F.3d at 994 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). Finally, a district court judge who is the subject of a motion to disqualify has discretion to grant or deny the motion. *Xyngular Corp. v. Schenkel*, 160 F. Supp. 3d 1290, 1298 (D. Utah 2016) (citing *Mathis*, 787 F.3d at 1308–09).

Dr. Rahimi requests that this court rescues itself because attorneys at Parr, Brown, Gee & Loveless—this judge's former firm and the firm where his son is currently a partner—represented Legacy LLC, which owns Zermatt Resort, during the deposition of Ken Patey. Dr.

Rahimi also requests the case be heard by a judge "not related to any large Salt Lake firms (Jones Waldo, Kirton McKonkie, Snow Christensen, Ballard Spahr, and Parr Brown)." (ECF no. 28, p. 4.)

Legacy, Zermatt Resort, and Mr. Patey are not parties in this case. The law firm of Parr Brown does not represent any parties in this case. The dispute for which Parr Brown represented Legacy is not the subject of this action. The law firm is not clearly working on any issues that any result in this case could impact. The fact that this judge was a former partner and has a family member in a firm that is not representing any parties on this case and that is not the subject of this dispute does not show bias.

The court sought supplemental briefing from Dr. Rahimi on this issue and held a hearing during which the court asked Dr. Rahimi for more specific information objectively demonstrating an appearance of bias or any personal bias. Despite these opportunities, Dr. Rahimi did not present evidence showing a reasonable factual basis for calling the court's impartiality into question. "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993.

For these reasons, the court finds that disqualification under 28 U.S.C. § 455 is not warranted. Consequently, the court DENIES Dr. Rahimi's motion for disqualification (ECF No. 23).

DATED this 5th day of October, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge